FILED

**UNITED STATES DISTRICT COURT EASTERN
DISTRICT COURT OF VIRGINIA
401 COURTHOUSE SQUARE
ALEXANDRIA, VA 22314**

2018 JUN 20  P 12: 22

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**THE CROSSTOWN SHIPPING & SUPPLY CO.
7500 A RICHMOND HIGHWAY
ALEXANDRIA, VA 22306**

**PAPA BALLA SEYE
2639 ARLINGTON DRIVE, APT 303
ALEXANDRIA, VA 22306**

**CASE No.** 1:18cv748

 **Plaintiff,**
              **VS.**

**Harbortouch
2202 North Irving Street
Allentown, PA 18109**

**Defendant,**

### COMPLAINT

**Now comes the Plaintiff, The Crosstown Shipping & Supply Co. and its owner Papa Balla Seye and Pro Se, pursuant to the Federal Rules of Civil procedure and applicable laws and rules hereby file this Complaint for breach of contract and Tortious Interference against Harbortouch.**

## I. Parties

1.    The Crosstown Shipping & Supply Company LLC is a business incorporated under the law of the Commonwealth of Virginia and has its principal place of business in the State of Virginia, located in Alexandria, Virginia in Fairfax County, whose address is 7500A Richmond Highway Alexandria, VA 22306.

2.    Harbortouch is incorporated under the laws of the Commonwealth of Pennsylvania and has its place of business in the Commonwealth of Pennsylvania, located at 2202 North Irving Street in Allentown, Pennsylvania.

3.    Defendant Harbortouch company is a limited liability corporation organized under the laws of the Commonwealth of Pennsylvania with a main office and principal place of business located at 2202 North Irving Street in Allentown, PA 18109.

## II. Jurisdiction and Venue

4.    Personal jurisdiction is proper because Plaintiff, The Crosstown Shipping & Supply Co. LLC is a company located in Alexandria in the State of Virginia.

5.    Plaintiff, The Crosstown Shipping & Supply Co. LLC.'s principal office is located at 7500A Richmond Highway, Fairfax County Virginia therefore jurisdiction is proper before this Court.

6. All actions contained herein occurred in Alexandria, Virginia therefore jurisdiction is just and proper.

7. The cause of action arose within the jurisdiction of the court, being Alexandria, Virginia in Fairfax County, Virginia.

8. The parties hereto have business contacts and relationship that occurred in Alexandria, in the State of Virginia in the County of Fairfax,

9. My experience with Harbortouch started in or before October 10th 2017 when Papa Balla Seye, Owner of The Crosstown Shipping & Supply Co. signed a Merchant Transaction Processing Agreement with Harbortouch in the amount of $138.00 per month.

10. The contract offered The Crosstown Shipping & Supply Co. two Point Of Sales or POS System that would be used in its ordinary course of business.

11. Crosstown informed Harbortouch before signing the contract that PostalMate needed to be installed and was told by Matthew Madden, a representative of Harbortouch that installing a third party software should not be a problem.

12. Few weeks after signing the contract, Plaintiff received the two POS systems.

13.   The Crosstown Shipping & Supply Co. operates a Parcel Store for Shipping UPS, FEDEX, USPS and DHL packages.

14.   PostalMate is a critical software that has to be installed by The Crosstown Shipping & Supply Co. to be able to function properly.

15.   After delivery of the equipment, Crosstown requested that Harbortouch installed the PostalMate software.

16.   Crosstown discovered after the equipment was delivered and installed that Harbortouch does not allow third party softwares to be installed in its POS system.

17.   Crosstown raised its concerns to the Harbortouch team but couldn't get them to install the PostalMate software.

18.   Since the PostalMate software was a must, I informed them that I would cancel the entire order if the software could not be installed.

19.   After careful review with The Harbortouch Team, we decided that I could keep one POS and return the other one and pay only $68.00 per month when the POS system is received by Harbortouch headquarter located in Allentown, Pennsylvania.

20.   Crosstown shipped the POS system the same week, in or before November 2nd 2017, and received confirmation that the POS system was received and

**proper action would be taken to bring the account up-to-date.**

21.     **Few months passed and no action was taken and the same amount was being taken and worse some new charges start appearing that Crosstown has no knowledge of.**

22.     **Crosstown sent several emails requesting Harbortouch to provide a detail of all the charges that are being levied against its account so that we know why we are getting all the charges.**

23.     **The first request did not get addressed for couple of months and a second request was sent asking for the detail invoice of my account, but still no answer from Harbortouch.**

24.     **A follow up phone call was made to Matthew Madden and still no response from Mr. Madden or the Harbortouch team.**

25.     **I stopped using the Credit Card machine until further notice and required Harbortouch to give a detail explanation of what the charges were.**

26.     **Then Harbortouch sent me an email talking about not using the machine and its team started threatening me about not using the machine.**

27.   **My reply to them was that I need the detail invoice of the billing or else I would have to cancel.**

28. **As soon as the email was received, Harbortouch shut down my entire POS system.**

29. **Until now I can't access my system and therefore can't access my inventory and make SALES.**

30. **The Crosstown Shipping has suffered tremendous losses due to a malicious act by Harbortouch and its employees.**

31. **The system that was shut down has nothing to do with the Credit card machine under dispute and as of May 5th, 2018 the monthly fee was taken from my bank account by Harbortouch and therefore should not have violated the terms and conditions of our contract.**

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

32.    **Plaintiff re-alleges paragraph 1-31 of this complaint as if fully set forth herein.**

33.    **Defendant has knowingly breached the contract that was signed by The Crosstown Shipping & Supply Co. LLC and Harbortouch.**

34.    **By shutting down the entire inventory and cash register system, Harbortouch and its employees have caused damages to Plaintiff.**

35.    **Even though Plaintiff cannot access the system, its inventory and prices, but Harbortouch and its employees have been manipulating Plaintiff's data and has logged into The Crosstown Shipping System without Plaintiff's authorization.**

## SECOND CAUSE OF ACTION

### TORTIOUS INTEFERENCE WITH BUSINESS RELATIONS

36.     Plaintiff re-alleges paragraph 1-35 of this complaint as if fully set forth herein.

37.     Defendant through its employees improperly and intentionally interfered with the business relationship that existed between Plaintiff, and Defendant by shutting down its POS system and prevent them from accessing its inventory and work.

38.     Harbortouch's employees action was willful, intentional and deliberate, designed to prevent Plaintiff from performing its work and resume with its ordinary daily activities.

39.     Defendant and its employees have no justification or privilege for this tortious and malicious conduct.


WHEREFORE, Plaintiffs, The Crosstown Shipping & Supply Co. LLC and its owner Papa Balla Seye demand judgment against Defendants as follows:

A.     Compensatory damages of $200,000.00

B.     Punitive damages to the fullest extent permitted by the laws of this Commonwealth of Virginia;

**C.**     **Attorneys' fees and cost incurred with the prosecution of this action;**

**D.**     **Prejudgment interest as permitted by law; and**

**E.**     **Such other and further relief as this Court deems just and proper.**

**THE CROSSTOWN SHIPPING**
**PAPA BALLA SEYE**
**7500A Richmond Highway**
**Alexandria, VA 22306**
**(703) 949-8824**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
_____ DIVISION

The Crosstown Shipping & Supply
7700A Richmond highway Alex, VA
Papa Balla Seye 2639 Arlington Drive
_____
Plaintiff(s),

v.

Haibartouch
2202 North Irving street, Allentown, PA
_____
Defendant(s).

Civil Action Number: _____

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this Complaint .
(Title of Document)

Papa Balla Seye, Crosstown Shipping
Name of *Pro Se* Party (Print or Type)

[signature]
Signature of *Pro Se* Party

Executed on: 6/26/2018 (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)